## MAHAR vs. THE STATE.

INDICTMENT: *Against constable for witholding school fund.*

An indictment against a constable for failing to pay over fines, penalties and forfeitures collected by him as a part of the school fund, need not allege that the same was withheld willfully or with a fraudulent intent, nor need it be denominated as a part of the school fund.

APPEAL from *Jefferson* Circuit Court.
Hon. HENRY B. MORSE, Circuit Judge.
T. D. W. Yonley, Attorney General, for appellee.

SEARLE J. The appellant was indicted in the Jefferson criminal court, January term, 1872, for malfeasance in office, and was tried and convicted. Judgment being rendered against him, he moved for a new trial upon the following grounds, to wit:

"1. That the court erred in overruling the demurrer to the indictment.

"2. That the court erred in overruling the defendant's motion to exclude the evidence introduced by the state to estab-

lish the indebtedness of the defendant to the state or common school fund as set forth in said motion.

"3. That the verdict is contrary to the law and against the evidence as adduced on the trial of this cause."

Said motion being overruled the appellant excepted and appealed to this court.

The indictment upon which the trial was had reads as follows:

"STATE OF ARKANSAS against JAMES N. MAHAR. Malfeasance, etc. *Jefferson County Criminal Court*, January Term, A. D. 1872:

"The grand jury of Jefferson county, in the name and by the authority of the state of Arkansas, accuse James N. Mahar of the crime of malfeasance in office committed as follows, to to wit: The said James N. Mahar, in the county aforesaid, on the 8th day of January, A. D., 1872, did then and there have, and before and at that time, receive a large amount of money, he the said James N. Mahar being a duly commissioned and qualified constable in said county and state, and acting as such, the said money, to-wit: Seven hundred and sixteen dollars, being paid to him as such officer on account of fines, forfeitures and penalties levied by magistrates in said county, and the said James N. Mahar still continues willfully, unlawfully and designedly, to fail and to refuse to pay over the same to the proper officer with intent to defraud the state out of said amount of money, contrary to the statute in such case made and provided, etc.

"H. KING WHITE, *Pros. Att'y.*"

To this indictment appellant demurred upon the following grounds:

"1. That said indictment alleges no charge against the defendant which he is required, under the constitution and laws of the state, to answer in this court.

"2. That it is nowhere charged in said indictment that the the defendant defrauded or attempted to defraud the school fund of the state of Arkansas."

Said demurrer was overruled, to which appellant excepted. The act, in pursuance of which this prosecution was instituted, is " an act to provide for the more efficient collection of the public school fund of the state of Arkansas," approved March 23, 1871. Acts 1871, p. 81, especially sections 4, 5, 8 and 9.

The indictment, inartistically drawn, substantially charges facts sufficient to constitute a public offense under the act above mentioned. Indeed it charges more than was necessary ; for it charges that the appellant withholds the funds " willfully, unlawfully and designedly " and " with the intent to defraud," etc. This was unnecessary, and these words may be regarded as surplusage. The offense is complete under the statute when the officer, whose duty it is to collect such funds, collects the same and refuses or neglects to turn them over according to section five of said act.

A further remark is necessary, particularly in relation to the second cause of demurrer. It is stated there that "it is nowhere charged in the indictment that the defendant defrauded or attempted to defraud the *school fund* of the state," etc. So far as the charging of the intent is concerned, that is sufficiently answered. So far as alleging more specifically the character of the fund withheld is concerned, we think that is unnecessary. The law provides that fines, penalties, etc., " shall constitute a part of the general school fund of the state ;" hence it may be designated as the "general school fund of the state." But, while it may be thus designated, it is, nevertheless, a part of the "public fund of the state," and may be so denominated in the indictment. The fact that it is a " part of the general *school fund* of the state " does not necessarily constitute an ingredient in the offense. The chief in-

14

gredient of the offense is, that as a part of the *public fund* of the state, it is withheld contrary to law.

The character of the fund is set forth with sufficient explicitness, and the offense was sufficiently charged. The court, therefore, did not err in overruling the demurrer.

The second exception saved relates to the evidence introduced upon the trial. The appellant's counsel moved the exclusion of certain evidence from the jury, touching the indebtedness of the defendant to the state or school fund, and for reason stated " that the evidence is secondary, it being the statements of magistrates that they had filed official transcripts in accordance with section four of the act of 1871, approved March 23, 1871, * * * * and the statement of the clerk of the county, that by said transcripts it appeared that the defendant was indebted to the state in the sum of seven hundred and sixteen dollars; whereas, by the rules of evidence, said transcripts should have been introduced in evidence as the original records of the magistrates, as being the best evidence, it being admitted that said transcripts were in existence."

White, the county clerk, stated that, by the transcripts of the justices, it appeared that the defendant was indebted to the state in the sum of $716.50.

The justices of the peace, Nordman and Wheat, stated that their official transcripts, on file in the clerk's office, were correct copies of their records. From the record before us, it appears that the magistrates' transcripts, referred to by White and the magistrates, were exhibited to the jury in evidence of the defendant's indebtedness, etc.

The testimony of the magistrates as to the genuineness of their transcripts was unnecessary, as their genuineness or correctness had not been attacked. They, the transcripts, offered *prima facie* evidence of the fines, etc., collected by the defend-

ant. Such testimony, however, though unneccessary, was not illegal, and the appellant had no grounds of complaint on account of it. Nor should any importance attach to the objection to the testimony of White, when he stated that the appellant was "indebted to the state $716.50 on account of fines, * * * * as appears from transcripts of justices," etc., for the transcripts themselves were produced to the jury in evidence. The rights of the appellant clearly were not prejudiced by the statement of the county clerk, White, though such statement was inadmissible as evidence. And more certainly must this be our conclusion when we remember that the court instructed the jury, at the request of the appellant, "not to consider the secondary evidence," etc. The judgment, therefore, ought not to be reversed on this account. See Criminal Code of Practice, sec. 345.

Being satisfied, upon review of the whole record of this case, that the verdict of the jury, and the judgment in pursuance thereof, is in accordance with the law and the evidence, and that no substantial error was committed, the judgment must be affirmed.